UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE


CIVIL ACTION NO.: 7:05-CV-00331-KKC


ELLA M. PATRICK                                                            PLAINTIFF


v.                                 **OPINION AND ORDER**


MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY                                                            DEFENDANT

* * * * * * * * * * * * * * *

This matter is before the Court on cross motions for summary judgment filed by Plaintiff

Ella M. Patrick ("Patrick") and Michael J. Astrue ("the Commissioner").  *See* Rec. No. 28, 29.

For the reasons set forth below, the Court will grant the Commissioner's motion for summary

judgment and deny Patrick's motion for summary judgment.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On October 9, 2002, Patrick filed a prior Title II application which was denied in a

hearing decision issued on January 16, 2004.  AR 310.  This decision was subsequently upheld

by the Appeals Council and the United States District Court for the Eastern District of Kentucky.

*Id.*  On February 9, 2004, Patrick filed a second Title II application which is currently under

review.  This application was denied initially, on reconsideration and by a hearing decision

issued on August 25, 2005.  *Id.*  The case was then remanded by the federal district court.  On

May 15, 2008 an ALJ held a video conference hearing at which Patrick appeared.  *Id.*  A

vocational expert ("VE") also appeared at the hearing and testified.

Patrick filed a third Title II application on September 6, 2005 which was granted as a

result of a reconsideration determination issued on June 7, 2006. *Id.* Pursuant to Court Order, this favorable determination was reopened and the filing was consolidated with the February 9, 2004 application.

In a decision dated September 24, 2008, the ALJ denied Patrick's application finding that she is not disabled as defined under sections 216(i) and 223(d) of the Social Security Act through December 31, 2007 the date last insured. AR 321. In a decision dated January 2, 2009, the Appeals Council declined review. AR 304-05. This case is now ripe for review under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## II.    DISCUSSION

### A. Standard of Review

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).

This Court is required to defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

The Court cannot review the case *de novo*, resolve conflicts in the evidence, or decide questions

of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x 462, 468 (6th Cir. 2006); *Garner*

*v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's

opinion as its own opinion, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*,

152 Fed. App'x 503, 506 (6th Cir. 2005).

**B. Overview of the Process**

Under the Social Security Act, disability is "the inability to engage in 'substantial gainful

activity' because of a medically determinable physical or mental impairment of at least one

year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007).

The disability determination is made by an ALJ using a five step sequential evaluation process.

*See* 20 C.F.R. § 416.920. The claimant has the burden of proving the existence and severity of

limitations caused by her impairment and that she is precluded from doing past relevant work for

the first four steps of the process. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir.

2003). However, the burden shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show she is not currently engaging in substantial

gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b). At the second step,

the claimant must show that she suffers from a severe impairment or a combination of

impairments that are severe. *See* 20 C.F.R. § 404.1520(c). At the third step, a claimant must

establish that her impairment or combination of impairments meets or medically equals a listed

impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual

functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's

ability to do physical and mental work activities on a sustained basis despite any existing mental

or physical impairments.  In determining the RFC, the ALJ must consider all of the claimants

impairments, including those which are not severe.  *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. §

404.1545.  Once the ALJ has determined the claimants RFC, he must determine whether the

claimant has the RFC to perform the requirements of her past relevant work.  *See* 20 C.F.R. §

404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient

work in the national economy that the claimant can perform given her RFC, age, education and

work experience.  *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. §

404.1560(c).

**C. The ALJ's Decision**

At step one of the ALJ's decision, he found Patrick has not engaged in substantial gainful

activity from her alleged disability onset date of October 1, 2002 through her date last insured of

December 31, 2007.  AR 313.  At Step two, the ALJ found Patrick to have the following severe

impairments: degenerative arthritis, bilateral hips and lumbosacral spine; spondlosis,

lumbrosacral spine; and dysthymic disorder.  *Id.*

At step three, the ALJ reviewed Patrick's medical history and the all medical evidence in

the record and determined that she does not have an impairment or combination of impairments

that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix

1.  AR 317.  In terms of functional issues, the ALJ considered Patrick's disability application, her

activities of daily living, her hearing testimony, references to functional ability in consultative

examinations and treatment notes and carefully reviewed the entire medical record.  *Id.*  Based on

this review, the ALJ determined that Patrick is not impaired by an extreme limitation of her

ability to ambulate effectively or by an extreme loss of function of her upper extremities.  *Id.*

With regard to Patrick's mental impairments, the ALJ carefully reviewed the "paragraph B" and

"paragraph C" criteria and found that neither criteria were satisfied.  AR 317-18.

> Prior to step four, the ALJ determined Patrick's RFC and found that:

> through the date last insured...[she] had the residual functional capacity to perform a restricted range of light work.  She can lift/carry up to 20 pounds occasionally and 10 pounds frequently.  She can stand and/or walk 6 hours in an 8-hour workday and can sit for 6 hours in an 8-hour workday with normal breaks.  She can occasionally stoop, crouch and crawl.  The claimant suffers from a dysthymic disorder and would have, at most, minimal limitations in understanding, remembering or carrying out simple work instructions; she would be mildly limited in her ability to make judgments or simple work-related decisions....She would be moderately limited in her ability to understand, remember and carry out complex instructions and make judgments on complex work-related decisions....She would be mildly limited in her ability to interact appropriately with the public.  She would be moderately limited in her ability to interact appropriately with supervisors and co-workers and respond appropriately to usual work situations and changes in a routine work setting.

AR 318-19.

At step four, the ALJ then determined that Patrick's was able to perform her past relevant

work as a cashier based on her RFC.  AR 320.  As a result, the ALJ found Patrick was not

disabled from the alleged onset date through December 31, 2007 the date she was last insured.

AR 321.

**D. Analysis**

Patrick makes three arguments on appeal.  First, she argues that the ALJ's RFC

determination is not supported by substantial evidence because he failed to accord sufficient

weight to the opinions of her treating physician, Dr. Chaney.  Second, Patrick argues that the ALJ

incorrectly dismissed her complaints of disabling pain and her statements regarding the effect

that her psychological problems have on her ability to perform substantial gainful activity.

Finally, Patrick argues that the ALJ's decision that her past relevant work as a cashier did not

require work related activities that are precluded by her RFC is not supported by substantial

evidence.

**1. Dr. Chaney's Opinion**

On June 11, 2007 Dr. Chaney examined Patrick and opined that she could lift twenty

pounds occasionally and ten pounds frequently.  AR 356.  In addition, Dr. Chaney limited Patrick

to standing/walking for two hours per eight hour day and sitting for about two hours.  *Id.*  Dr.

Chaney also found that Patrick can only sit or stand for up to thirty minutes without changing

position and that she must walk around every ten to fifteen minutes for ten to fifteen minutes.  *Id.*

Dr. Chaney also claimed that Patrick would need to lie down frequently during an eight hour

working shift.  *Id.*  Dr. Chaney based these physical limitations on Patrick's apparent lumbar disc

disease.  *Id.*

Patrick now argues that these recommendations by her treating physician support a

finding that she is disabled.  In general, an ALJ should give more weight to the opinions of

treating physicians than other sources because

> these sources are likely to be the medical professionals most able to provide a detailed
> longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique
> perspective to the medical evidence that cannot be obtained from the objective medical
> findings alone or from reports of individual examinations, such as consultative
> examinations or brief hospitalizations.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)(citing 20 C.F.R. §

404.1527(d)(2)).  Because of the familiarity that treating physicians have with claimants, their

opinions are entitled to controlling weight if they are "well supported by medically acceptable

clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Id.* If a treating physician's opinion is not controlling, the ALJ must consider several factors including the length, frequency, nature and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician and all other relevant factors in determining what weight to give the opinion. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007)(citing 20 C.F.R. § 416.927(d)(2))**.** The Commissioner argues that Dr. Chaney's opinion was entitled to little consideration because it is inconsistent with substantial evidence in the record.

Initially, the Court notes that the lifting and carrying limitations set forth by the ALJ in the RFC are the same as those recommended by Dr. Chaney - limiting Patrick to lifting and carrying twenty pounds occasionally and ten pounds frequently. AR 318, 356. However, many of the limitations recommended by Dr. Chaney are inconsistent with the evidence in the record. As noted above, these limitations were attributed to lumbar disc disease despite the fact that Dr. Chaney did not treat Patrick for lumbar disc disease during the relevant review period. AR 544-63. Treatment notes from 2004 and 2005 contained no restrictions or limitations and Patrick was advised several times to exercise on a daily basis for thirty to forty-five minutes. AR 563, 565. These recommendations appear to contradict Dr. Chaney's claim that Patrick can only sit or stand for thirty minutes and at most two hours per day in total.

The Court also notes that there was a lapse in treatment that Patrick received from Dr. Chaney which lasted from August 15, 2005 until August of 2007. The record then indicates that Patrick was treated by Dr. Chaney until December 2007. During this period, Patrick was treated for hypertension and given testosterone injections for a testosterone deficiency. AR 412-26.

However, there is no evidence that Dr. Chaney gave Patrick treatment for lumbar disc disease which is the basis for the limitations that he recommends. Because there are no objective medical findings supporting Dr. Chaney's limitations and no history of treatment by Dr. Chaney for lumbar disc disease, the ALJ's determination that this opinion should be given little weight is supported by substantial evidence.

Patrick also argues that Dr. Chaney's opinion was entitled to deference because it was consistent with the opinion of examiner Dr. Hoskins. However, the record indicates that Dr. Hoskins was not a treating source but only examined Patrick one time. *See Smith v. Comm'r*, 484 F.3d 873, 876 (6th Cir. 2007)(holding that two physicians who had each seen the claimant on one occasion for treatment purposes were not treating physicians whose opinions were entitled to deference). As a result of the lack of treatment history that Dr. Hoskins has with Patrick, his opinion is not entitled to the deference accorded to a treating physician. The limitations imposed by Dr. Hoskins also have a very limited medical basis and as a result, it was not error for the ALJ to apply the limitations recommended in his.

The ALJ's RFC determination is also supported by a significant amount of other medical evidence in the record that casts doubt on the opinions of Dr. Chaney and Dr. Hoskins. For example, in December 2007, Dr. Burns performed a consultative examination of Patrick during which she alleged arthritis involving her back, legs, shoulders, arms and hips. AR 400. However, Patrick acknowledged to Dr. Burns that she had not had x-rays performed, denied having undergone physical therapy and indicated that she had not had any epidural injections, pain clinic or neurosurgical evaluations. *Id.* This failure to pursue medical treatment supports the ALJ's determination. In addition, when Dr. Burns examined Patrick's back, there was no

evidence of scoliosis, no tenderness and no spasms.  AR 401.  Her straight leg raise was ninety

degrees in both sitting and supine positions and she did not require a cane or assistive device to

ambulate.  *Id.*  Dr. Burns found Patrick had normal motor strength in her upper and lower

extremities.  *Id.*  When Dr. Burns performed x-rays of her lumbar spine and right and left hips,

only the left hip showed mild to moderate degenerative changes.  As a result of his findings, Dr.

Burns concluded that Patrick had the ability to perform work related activities involving

standing, sitting and moving.  These findings contradict the findings of Dr. Chaney.

A medical assessment by Dr. Harris also contradicts Dr. Chaney's opinion as do the

functional capacity evaluations of two state agency reviewing physicians who limited Patrick to

light work.  Evidence from state agency reviewing physicians provides evidence supporting the

ALJ's decision.  As a result, the Court finds that the ALJ was correct in discounting the opinion

of Dr. Chaney and that his RFC determination with respect to Patrick's physical limitations is

supported by substantial evidence.

Patrick also argues that the ALJ erred in analyzing the medical evidence concerning her

mental limitations.  In particular, Patrick notes that while the ALJ's hearing decision referenced

an examination by Dr. Pack, he failed to note that she has major depression, personality disorder

NOS, borderline intellectual functioning, reading disorder and complaints of osteoarthritis.  AR

365.  In addition, Patrick argues that the ALJ failed to consider Pack's observations that she has a

poor ability to deal with the public and deal with stress; has a poor ability to understand,

remember and carry out complex job instructions; behave in an emotionally stable manner; relate

predictably in social situations; and demonstrate reliability.  AR 367-68.

Initially, the Court notes that because Pack was a one time examiner and not a treating

physician, his opinion is not entitled to any special level of deference.  His opinion was entitled

to the same consideration as any other medical opinion.  20 C.F.R. § 404.1527(d).  The ALJ

properly failed to adopt the findings and observations of Pack in his mental RFC because they are

not supported by the record.  The record indicates that Patrick has sought very limited mental

health treatment.  As a result, there is no assessment of her mental health by a treating source.  If

such an assessment existed and was supported by substantial evidence in the record, the ALJ

would have been required to accord it great deference.  However, the only assessments that are

contained in the record are from examining or reviewing sources.

As the Commissioner has pointed out, the record indicates that Patrick has not fully

complied with the little mental health treatment that she has received.  Furthermore, she has

made various statements drawing into question whether her mental limitations render her

disabled.  In looking at all of the evidence in the record, the Court finds that the ALJ's decision

to reject Pack's mental limitations and subsequent RFC determination are supported by

substantial evidence.

**2. Patrick's Allegations of Disabling Pain**

Patrick has made allegations that the pain that she suffers renders her disabled and claims

that it was error for the ALJ to find her statements to not be credible.  Credibility determinations

relating to a claimants subjective complaints of pain rest with the ALJ.  *Siterlet v. Sec'y of Health*

*& Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987)(per curiam).  That said, pain alone resulting

from a medical impairment may be severe enough to constitute disability.  *Kirk v. Sec'y of*

*H.H.S.*, 667 F.2d 524, 538 (6th Cir. 1981).  However, in order to find a claimant disabled on the

basis of pain alone, there must be a determination whether there is objective medical evidence of

an underlying medical condition.  If there is, the ALJ must determine: (1) whether the objective

medical evidence confirms the severity of the pain alleged by the plaintiff; or (2) whether the

underlying medical impairment is severe enough that it can reasonably be expected to produce

the allegedly disabling pain.  *Duncan v. Secretary of H.H.S.*, 801 F.2d 847, 852-53 (6th Cir.

1986); *Jones v. Secretary of H.H.S.*, 945 F.2d 1365, 1369 (6th Cir. 1991).  Furthermore, all

relevant evidence must be considered by the ALJ in rejecting a claimants allegations of disabling

pain.  *Felisky v. Bowen*, 35 F.3d 1027, 1039 (6th Cir. 1994).

The ALJ gave several reasons in his opinion for finding Patrick's allegations of disabling

pain were not credible.  First, the ALJ noted that Patrick's lack of treatment for her back pain

controverted her allegations.  *See Blacha v. Sec'y of H.H.S.*, 927 F.2d 228, 231 (6th Cir.

1990)(indicating that a failure to seek significant medical treatment supported the ALJ's

determination that a claimant's allegations of disabling pain were not credible).  Furthermore, a

substantial part of the medical evidence that does exist does not support Patrick's claims of

disabling pain.  For example, Patrick's treating physician frequently urged her to exercise on a

regular basis and his treatment notes indicate that she responded well to rest and medication – a

conservative course of treatment.  Patrick's daily activities also contradict her claims of disabling

pain and provide substantial evidence in support of the ALJ's decision.  *See Walters v. Comm'r*,

127 F.3d 525, 531-32 (6th Cir. 1997); *Warner v. Comm'r*, 375 F.3d 387 (6th Cir. 2004).

The ALJ's decision sets forth clear reasons for rejecting Patrick's allegations of disabling

pain.  Those reasons are supported by substantial evidence in the record and the ALJ's credibility

determination is entitled to great deference.  *Blacha*, 927 F.2d at 930.  As a result, the ALJ did

not err by finding that Patrick's statements about the limiting effects of her pain were not

credible.

**3. Patrick's ability to perform her past relevant work**

Patrick initially argues that the ALJ's hypothetical questions to the VE did not accurately portray her physical and mental impairments. This argument is based on Patrick's claim that the hypotheticals ignore the recommendations of Dr. Chaney, her treating physicians and her self-reported limitations and complaints of pain. An ALJ's hypothetical questions to a VE must only include those physical limitations that accurately portray the claimants physical and mental impairments. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987). For the reasons explained previously, the ALJ properly discounted the opinion of Dr. Chaney and found Patrick's statements about the disabling effects of her pain to not be credible. As a result, this argument is without merit.

Patrick's second argument on this point is that the ALJ erred by finding that she was limited to light work but could perform her past relevant work as a cashier. At the hearing, the VE testified that Patrick's past relevant work as a cashier required light exertion. AR 752. However, when Patrick's attorney later explained that her past work required lifting and carrying up to thirty or forty pounds, the VE indicated that such work activity would require medium exertion. AR 754- 55.

Various decisions from the Sixth Circuit have recognized that an ALJ is bound by the earlier findings of a final decision of the Commissioner. *See Dennard v. Sec'y of Health & Human Servs.*, 907 F.2d 598 (6th Cir. 1990); *Drummond v. Commissioner of Soc. Sec.*, 126 F.3d 837, 839 (6th Cir. 1997). In the determination of Patrick's prior disability application, she was found to be limited to light work and found able to perform her past relevant work as a cashier.

As a result, the ALJ was bound by the prior finding that Patrick's past work as a cashier required light exertion and that she was capable of performing this work.

Secondly, the ALJ's decision clearly recognized that Patrick may have actually performed her past relevant work at a medium exertional level, despite the fact that work as a cashier was generally performed at a light exertional level in the national economy.[1]  Social Security regulations provide that a VE may offer relevant evidence or knowledge "concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy."  20 C.F.R. § 404.1560(b)(2).  As a result, the Court finds that the ALJ did not err when he determined that despite having an RFC for light work, Patrick was able to perform her past relevant work as a cashier as it is generally performed.

## III.    CONCLUSION

For the reasons set forth above, the Court finds that the ALJ's decision is supported by substantial evidence.  Accordingly, the Court HEREBY ORDERS that:

(1)    Plaintiff's Motion for Summary Judgment (Rec. No. 28) is **DENIED;** and

(2)    Defendant's Motion for Summary Judgment (Rec. No. 29) is **GRANTED.**

Dated this 15th day of January, 2010.



**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**

---

[1] As indicated by the ALJ's opinion, cashier also has a DOT number at the heavy exertional level.  AR 321. However, Patrick has not asserted that she performed her past relevant work at this level.